UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION
_____

| | | |
|---|---|---|
| LYLE EGBERT, | : | |
| Plaintiff | : | **MEMORANDUM OPINION AND ORDER** |
| v. | : | Civil No. 1:08-CV-00104-DB |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | : | |
| Defendant. | : | Dee Benson |

_____

Lyle Egbert appeals the Commissioner of Social Security's decision denying his claim for Supplemental Security Income under Title XVI of the Social Security Act (the Act), 42 U.S.C. §§ 1381-1383c. Having considered the parties' briefs, the administrative record, the arguments of counsel, and the relevant law, the Court AFFIRMS the Commissioner's decision.

## LEGAL STANDARDS

This Court's review is guided by the Act and is limited to determining whether the Commissioner's decision is supported by substantial evidence in the record as a whole and whether the Commissioner applied the correct legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). This Court "may neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001).

An individual is under a disability only if that individual can establish that he has a physical or mental impairment which prevents him from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d); *see Barnhart v. Walton*, 535 U.S. 212, 217-22 (2002) (providing that both


impairment and inability to work must last twelve months).  The claimant's impairments must be of such severity that he is not only unable to perform past relevant work, but cannot, considering his age, education, and work experience, engage in any other substantial gainful work existing in the national economy.  *Id.*; 20 C.F.R. § 416.920.

The Commissioner has established a five-step sequential process to evaluate whether a claimant is disabled.  20 C.F.R. § 416.920; *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988).

In the first three steps, the Commissioner determines whether the claimant has engaged in substantial gainful activity since the alleged onset date, whether he has severe impairments, and whether the severity of his impairments meets or equals the Listing of Impairments, 20 C.F.R. Pt. 404, Subpt. P, App. 1.  If a claimant's impairment does not meet or equal a listed impairment, the Commissioner assesses the claimant's residual functional capacity.  20 C.F.R. § 416.920(e).

After determining the claimant's residual functional capacity, the Commissioner evaluates steps four and five, determining whether the claimant can perform his past relevant work, and whether he is able to perform other work in the national economy.  *Williams*, 844 F.2d at 751.  In steps one through four, the burden is on the claimant to prove a disability that prevents performance of past relevant work.  *Dikeman v. Halter*, 245 F.3d 1182, 1184 (10th Cir. 2001).  At step five, the burden shifts to the Commissioner to show other jobs in the national economy within the claimant's capacity.  *Haddock v. Apfel*, 196 F.3d 1084, 1088 (10th Cir. 1999).

**BACKGROUND**

Plaintiff filed an application for benefits in May 2005, claiming he became disabled in April 2005[1] due to impairments in his back, shoulders, neck, wrists, knee, and heart (Tr. 157, 363).[2] He was 46 years old at the time of the alleged onset of his disability, and has a high school equivalency degree (Tr. 163, 363). Prior to the alleged onset of his disability, Plaintiff worked as a construction worker, cook, and cashier/checker (Tr. 184). Following the alleged onset of his disability in April 2005, he worked as a seasonal stocker at a Dollar Tree in Centerville, Utah during November and December 2006 (Tr. 184).

Plaintiff's claim was denied initially (Tr. 81-82) and upon reconsideration (Tr. 80). On August 28, 2007, Administrative Law Judge ("ALJ") Donald Jensen presided over Plaintiff's hearing in Salt Lake City, Utah (Tr. 367-448). By written decision dated November 28, 2007, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of April 5, 2005 (Tr. 20, Finding 1). He found that Plaintiff had "severe" degenerative disc disease of the lumbar spine, degenerative joint disease of the wrists bilaterally, depression, and chronic shoulder pain of unknown etiology (Tr. 20-21, Finding 2), but that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1 (Tr. 21, Finding 3).

The ALJ reviewed the medical records, the medical opinions of the health care professionals who treated Plaintiff during the relevant time period, and the findings of State agency medical consultants who reviewed the medical evidence of record. The ALJ also heard

---

[1] Plaintiff originally alleged that he became disabled in 1986 (Tr. 363), but later amended his alleged onset date to April 2005 (Tr. 373).

[2] Plaintiff alleged both physical and mental impairments during the administrative proceedings, but only raised arguments regarding physical impairments before the Court.

testimony from Plaintiff regarding his limitations and pain, and testimony from a vocational expert. The ALJ found that Plaintiff's statements regarding his limitations were not fully credible (Tr. 26-27), and that he had the residual functional capacity to perform light work with the following limitations:

- never lift more than 10 pounds;
- only occasionally climb ramps and stairs;
- never climb ladders, ropes, or scaffolds;
- only occasionally stoop, kneel, crouch;
- never crawl;
- only occasionally reach with his upper left extremity;
- only finger objects on a frequent basis;
- limited to simple, routine work, in terms of ability to understand, carry out and remember instructions and ability to use judgment in making work-related decisions;
- limited to occasional contact with the general public, in terms of ability to respond appropriately to supervision, co-workers, and work situations; and
- limited to simple, routine work with few changes in routine, in terms of ability to deal with changes in a routine work setting.

(Tr. 25.) The ALJ relied on the vocational expert's testimony in finding that Plaintiff was unable to perform any of his past relevant work (Tr. 28, Finding 5), but that Plaintiff could perform the positions of ticket taker, addressor, and semiconductor bonder, which existed in the national economy in significant numbers (Tr. 29). Accordingly, the ALJ concluded that Plaintiff was not disabled within the meaning of the Act (Tr. 29). On June 25, 2008, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 4-6), making it the Commissioner's final decision for purposes of judicial review under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 416.1481.

**DISCUSSION**

Plaintiff's allegations of error concern the ALJ's evaluation of medical opinion evidence and his assessment of Plaintiff's residual functional capacity.  First, Plaintiff claims that the ALJ erred in evaluating Dr. Anthony's opinion that Plaintiff should be able to sit 30 minutes and stand 30 minutes.  Second, Plaintiff claims that the ALJ erred in assessing his residual functional capacity.  The Court finds neither of Plaintiff's arguments persuasive.  Rather, the Court agrees with Defendant's arguments, set forth in Defendant's Answer Brief and during the March 31, 2009 hearing, that the ALJ's evaluation of the medical opinion evidence and Plaintiff's residual functional capacity was supported by substantial evidence and free from reversible legal error.  Therefore, the Court adopts Defendant's brief and incorporates the same herein by reference.

    **A.**    **Medical Opinion Evidence**

The Court finds the ALJ stated valid reasons for discounting the opinion of Dr. Anthony, an examining physician.  The ALJ noted that Dr. Anthony was not Plaintiff's treating physician, and saw him only one time for a consultative examination (Tr. 27).  The ALJ also noted that Dr. Anthony's opinion was internally inconsistent and was not well supported by medically acceptable clinical and diagnostic techniques (Tr. 27).

Even if the ALJ misinterpreted Dr. Anthony's statement in finding that his opinion was internally inconsistent, which the Court is not sure of, the ALJ provided additional specific and legitimate reasons for discounting Dr. Anthony's opinion when he stated that Dr. Anthony's opinion was not well supported by medically acceptable clinical and diagnostic techniques, and observed that Dr. Anthony was not Plaintiff's treating physician.  *See Oldham v. Astrue,* 509 F.3d 1254, 1258 (10th Cir. 2007) (identifying the nature and extent of the treatment relationship, the degree to which the physician's opinion is supported by relevant evidence, and the consistency between the opinion and the record as a whole as factors that the ALJ may consider in weighing medical opinions); *see also* 20 C.F.R. § 416.927(d) (same).  Dr. Anthony's

Case 1:08-cv-00104-DB   Document 18   Filed 04/08/09   Page 6 of 8

opinion was not supported by the results of his examination, which showed that Plaintiff enjoyed a full range of motion in his cervical spine and all joints other than his left shoulder and wrists, and found no evidence of lower back pain during a straight leg raise test (Tr. 27, 237-238). *See White v. Barnhart,* 287 F.3d 903, 907 (10th Cir. 2002) (holding that an ALJ properly rejected a physician's statement which was contradicted by the physician's own treatment notes, and appeared to be based on the claimant's subjective assertions). Further, Dr. Anthony's opinion regarding Plaintiff's alleged limitations in sitting and standing was not supported by the record as a whole.

The Court disagrees with Plaintiff's argument that Dr. Anthony's opinion was inconsistent because the ALJ stated that Dr. Anthony's opinion was "persuasive" but did not incorporate Dr. Anthony's statement that Plaintiff had sitting and standing limitations into the residual functional capacity finding. Under Social Security regulations, a treating source's opinion may be entitled to "controlling weight." 20 C.F.R. § 416.927(d). In the present case, the ALJ properly found that Dr. Anthony's opinion was entitled only to "persuasive [e.g., non-controlling] weight" because Dr. Anthony was a non-treating source, and because his opinion was not well supported by medically acceptable clinical and diagnostic techniques (Tr. 27).

For these reasons, the Court finds that the ALJ's evaluation of the medical opinion evidence was supported by substantial evidence and free from reversible legal error.

### B. Residual Functional Capacity

The Court finds that the ALJ properly assessed Plaintiff's residual functional capacity, based on the record as a whole. The ALJ noted Plaintiff's statements about his alleged limitations in sitting and standing (Tr. 26), and Dr. Anthony's opinion (Tr. 27). After providing a comprehensive discussion of the medical and non-medical evidence of record, the ALJ gave specific reasons for discounting both Plaintiff's statements and Dr. Anthony's opinion. The ALJ's conclusion that Plaintiff could perform light work, with specific limitations, contained a

-6-

finding that he was able to stand or walk, off and on, for a total of approximately six hours in an eight-hour workday, and to sit intermittently during the remaining time.  *See* SSR 83-10, 1983 WL 31251 at * 5-6 (setting forth the exertional requirements for light work).  The ALJ was not required to prepare a function-by-function analysis for medical conditions or impairments that he found neither credible nor supported by the record.  *Bayliss v. Barnhart,* 427 F.3d 1211, 1217 (9th Cir. 2005).  *See also Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004) ("We also reject claimant's implicit argument that there must be specific, affirmative, medical evidence on the record as to each requirement of an exertional work level before an ALJ can determine RFC within that category").

      Plaintiff further argues that the ALJ's finding that Plaintiff could perform a limited range of light work was contradicted by the ALJ's finding, at step two of the sequential evaluation process, that his degenerative disc disease was a severe impairment.  However, as the Tenth Circuit Court of Appeals has recognized, the finding that a claimant has a "severe" impairment at step two of the sequential evaluation process does not direct a finding that the claimant is disabled under the Act.  *Oldham,* 509 F.3d at 1257.  Instead, after finding that an impairment is "severe," the ALJ must continue with the sequential evaluation process, and may eventually reach step five, where residual functional capacity (the claimant's ability to perform other work) is assessed.  *See id.; see also* 20 C.F.R. §§ 416.920(a); 416.920(e) (describing the sequential evaluation process, generally, and the residual functional capacity determination, specifically).  In sum, in reviewing the ALJ's decision, the Court finds no error in the ALJ's evaluation of Plaintiff's residual functional capacity.

## CONCLUSION

Having determined that the Commissioner decision is supported by substantial evidence and no legal errors occurred, the Commissioner's decision is AFFIRMED.

It is so ordered.

Dated this <u>8th</u> day of April, 2009.

_____
Dee Benson
United States District Court Judge